■ In the Matter of PRINCE BACKMAN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [738 NYS2d 424] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting the creation of a disturbance, interference with a staff member, harassment and making threats. The misbehavior report relates that during a general lockdown of the correctional facility, petitioner was permitted to leave his cell to take a shower. Instead of proceeding directly to the shower room, however, he dropped off unidentified items at two other cells. The correction officer who observed this conduct ordered petitioner to return to his cell immediately. Instead of complying, petitioner approached the console window that separated him from the officer and struck it several times with his cell bucket and shouted threats and profanities. Petitioner then returned to his cell, jamming the door open with his bucket. Additional officers were needed to lock petitioner back in his cell.

The determination of petitioner's guilt is supported by substantial evidence including the detailed misbehavior report and the testimony given by the officer who wrote it based upon his direct observation of the conduct in question (see, Matter of Crews v O'Keefe, 283 AD2d 692; Matter of Flowers v Barkley, 244 AD2d 682, 683). That petitioner and his inmate witnesses gave exculpatory testimony presented an issue of credibility for resolution by the Hearing Officer (see, Matter of Melette v Lacy, 251 AD2d 831; Matter of Muhammad v Bennett, 242 AD2d 778, 779). Petitioner's remaining claims, including the claim that various procedural infractions deprived him of his right to a fair hearing, have been examined and found to be meritless.

Cardona, P.J., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.