■ In the Matter of CARMINE GALARZA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al.,

Respondents. [748 NYS2d 525] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit acts of extortion and threatening conduct. As alleged in the misbehavior report, petitioner was being escorted by the reporting correction officer when he volunteered the information that he and an associate had "taken care" of a certain inmate as a favor to the officer who, they thought, had experienced problems with the inmate in the past. Petitioner then informed the officer that unless he had petitioner's associate released from the special housing unit, the latter would allege that he and petitioner had "taken care" of the problem inmate at the officer's request.

At the ensuing disciplinary hearing, substantial evidence of petitioner's guilt as to these two charges was presented in the form of the detailed misbehavior report and the testimony of the reporting correction officer based upon his recollection of the conversation with petitioner (*see Matter of Cliff v Selsky*, 293 AD2d 885; *Matter of Backman v Goord*, 291 AD2d 717). That the hearing testimony given by petitioner and that of his inmate witness was at variance with that given by the reporting officer raised an issue of credibility for resolution by the Hearing Officer (*see Matter of Reese v Goord*, 249 AD2d 639, *lv denied* 92 NY2d 808; *Matter of Coneen v Selsky*, 246 AD2d 946), as did petitioner's assertion that the reporting officer had written the misbehavior report against him in retaliation for a complaint that petitioner had previously filed with the Inspector General's office (*see Matter of Rizzuto v Sullivan*, 295 AD2d 780). The remaining contentions raised herein have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.