■ In the Matter of SHAWN WILLIAMS, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, Respondent. [755 NYS2d 343] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules prohibiting refusing to obey a direct order, two charges of possession of contraband, commission of an unhygienic act and violation of mess hall procedures. The Attorney General has informed this Court

---

* Defendants failed to even address such cause of action in their motion for summary judgment.

that the determination finding petitioner guilty of refusing to obey a direct order and violating mess hall procedures has been administratively reversed. Accordingly, any claims relating to those charges are moot (see Matter of Martin v Goord, 252 AD2d 720 [1998]). Concerning the remaining violations, the misbehavior reports assert that petitioner was subjected to a strip frisk which divulged a latex glove secreted in his anus and that a subsequent search of petitioner's cell disclosed a substance believed to be Ajax cleansing powder and five beverage containers filled with urine.

We find that the determination of petitioner's guilt of the two charges of possession of contraband and commission of an unhygienic act was supported by substantial evidence in the form of the misbehavior reports and the testimony of the reporting correction officer who witnessed the events in question (see Matter of Perez v Wilmot, 67 NY2d 615, 616-617 [1986]; Matter of Gladden v Selsky, 296 AD2d 680 [2002]; Matter of Borcsok v Selsky, 296 AD2d 678 [2002], lv denied 98 NY2d 616 [2002]). We further find that the Hearing Officer properly referenced the misbehavior reports as being evidence relied on in support of his determination. The conflicting testimony presented an issue of credibility to be resolved by the Hearing Officer (see Matter of Cruz v Selsky, 288 AD2d 517, 518 [2001]). The remaining contentions raised herein have been reviewed and found to be without merit or not raised in the petition (see Matter of Stanislas v Senkowski, 253 AD2d 972 [1998]).

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.