860

■ In the Matter of ADAM JAMISON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [778 NYS2d 567]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules that prohibit disobeying a direct order, harassment, creating a disturbance and making threats.* According to the misbehavior report, petitioner returned from the commissary and ignored a correction officer's request to produce his commissary receipt. In the presence of other inmates, petitioner began yelling and threatening the correction officer until a sergeant arrived in response to the correction officer's request for assistance. The misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Pryce v Goord, 281 AD2d 665 [2001]). Petitioner's defense of harassment and retaliation on the part of the correction officer created a credibility issue for the Hearing Officer to resolve (see id.).

Turning to petitioner's procedural claims, we are unpersuaded by the contention that he was denied the right to call various witnesses. The record establishes that the testimony sought from Captain Richards was irrelevant to the charges contained in the misbehavior report. With respect to petitioner's request for an inmate witness, the Hearing Officer personally spoke with and ascertained the reasons for the inmate's refusal to testify (see Matter of Beckford v Coughlin, 210 AD2d 775 [1994], lv denied 85 NY2d 807 [1995]) and, absent any prejudice to petitioner, "the failure to provide petitioner with a written refusal form is harmless error" (Matter of Shannon v Goord, 282 AD2d 909, 910 [2001]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and found to be without merit.

* Petitioner also was charged with, but found not guilty of, making a false statement.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.