■ In the Matter of Luis Toledo, Petitioner, v Donald Selsky, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [783 NYS2d 892]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with violating various prison disciplinary rules. The first arose from an incident in which petitioner displayed a tin can lid during an argument with another inmate and charged him with possessing contraband and making threats. The second arose from the confiscation of a radio with altered wiring from petitioner's cell and charged him with the unauthorized exchange of property and possessing an altered electrical device. He was found guilty of all charges following a tier III disciplinary hearing. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, we address only that part of the disposition rendered in connection with the first misbehavior report, inasmuch as petitioner has limited his brief to that issue; thus, any challenge to the remainder of the disposition is deemed abandoned (*see Matter of Cross v Goord,* 2 AD3d 1425, 1426 [2003]; *Matter of Roe v Selsky,* 250 AD2d 935, 937 [1998]). Contrary to petitioner's claim, the misbehavior report, together with the testimony of its author and the confidential informant, provide substantial

evidence supporting the determination of guilt (*see Matter of Harris v Selsky*, 9 AD3d 695, 695 [2004]; *Matter of Winbush v Goord*, 6 AD3d 821, 822 [2004]). Petitioner's contention that the Hearing Officer did not properly verify the reliability of the confidential informant is belied by the record as the Hearing Officer personally interviewed him in camera and made a reasoned assessment that the information he provided was credible (*see Matter of Harris v Selsky, supra* at 695-696; *Matter of Alba v Goord*, 6 AD3d 847, 847 [2004]). Furthermore, petitioner's claim that he was improperly denied the right to have two inmate witnesses testify at the hearing is not preserved for review as he did not object at the hearing (*see Matter of Vaughn v Selsky*, 276 AD2d 958, 959 [2000], *appeal dismissed* 96 NY2d 753 [2001]; *Matter of Kilgore v Goord*, 273 AD2d 695, 696 [2000]). In any event, both inmates executed refusal forms establishing a basis for their refusal to testify (*see Matter of Jimenez v Goord*, 264 AD2d 918, 919 [1999]; *Matter of Boyd v Selsky*, 232 AD2d 929, 930 [1996]). Therefore, the determination must be confirmed.

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.