■ In the Matter of DERRICK HAMILTON, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [785 NYS2d 811]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On May 1, 2003, following a disagreement with a chaplain at the correctional facility where he was housed, petitioner became verbally and physically abusive toward the chaplain. The next day, he was charged in a misbehavior report with creating a disturbance, interfering with an employee, assaulting staff, making threats and harassment. A tier III disciplinary hearing on the charges was conducted on May 22, 2003, but the determination rendered after that hearing was administratively reversed and a rehearing was ordered. A new hearing was then held which resulted in a determination finding petitioner guilty of all of the charges. This determination was upheld on administrative appeal, but the penalty was modified. Petitioner then commenced this CPLR article 78 proceeding challenging the determination of guilt.

Initially, we note that inasmuch as the petition raises, among other things, a question of substantial evidence, the proceeding was properly transferred to this Court for review (*see* CPLR 7804 [g]). While petitioner does not specifically challenge the determination rendered after the May 22, 2003 tier III hearing, he raises a number of claims pertaining to it in his brief. However, insofar as this determination was administratively reversed, such claims are now moot (*see Matter of Williams v Ricks*, 303 AD2d 860, 861 [2003]; *Matter of Martin v Goord*, 252 AD2d 720, 721 [1998]). Accordingly, our review is limited to the determination rendered after the rehearing, which we find to be supported by substantial evidence consisting of the misbehavior report, the testimony of the chaplain and certain documentary evidence in the record. Petitioner's defense of retaliation and the exculpatory testimony provided by the inmate witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Galarza v Goord*, 298 AD2d 739, 740 [2002]; *Matter of Johnson v Ricks*, 297 AD2d 889, 889-890 [2002]). Contrary to petitioner's claim, our review of the hearing transcript does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of*

*McCorkle v Bennett*, 8 AD3d 918, 919 [2004]; *Matter of Sanchez v Selsky*, 8 AD3d 846, 846 [2004]). Moreover, the fact that the misbehavior report was written a day after the incident is not a fatal defect as the regulations do not require that it be written the same day (*see Matter of Santiago v Senkowski*, 270 AD2d 549, 550 [2000]), but rather "as soon as practicable" (7 NYCRR 251-3.1 [a]), which was complied with under the circumstances presented. We have considered petitioner's remaining contentions, to the extent they have been preserved for our review, and find them to be unavailing.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.