■ In the Matter of KEITH TOWNES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[786 NYS2d 855]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, was required to submit to a urinalysis test after correction officials suspected he was using drugs based on information provided by a confidential source. After the results of the test came back positive for the presence of opiates, petitioner was charged in a misbehavior report with using a controlled substance. He was found guilty of this charge following a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the posi-

tive urinalysis test results and the testimony received at the hearing, provide substantial evidence of petitioner's guilt (*see Matter of Dalton v Selsky,* 6 AD3d 844, 845 [2004]; *Matter of Velez v Selsky,* 6 AD3d 783 [2004]). Annulment of the determination is not warranted based on petitioner's claim that the reliability of the individual who supplied the confidential information was not properly established. We note that the determination was not based on such confidential information and, in any event, the correction officer who received it testified that he had previously obtained information from the subject individual which was reliable. Moreover, petitioner's defense that false positive test results were caused by certain over-the-counter medications he was taking was refuted by the testimony of the SYVA representative and the facility nurse (*see Matter of Byas v Goord,* 272 AD2d 800, 800 [2000], *lv denied* 95 NY2d 765 [2000]; *Matter of Rodriguez v Coombe,* 249 AD2d 655, 655 [1998]). Furthermore, there is no merit to petitioner's claim that he was improperly denied the right to call certain witnesses. While the Hearing Officer denied the testimony of one correction officer, his testimony was irrelevant to the charge against petitioner (*see Matter of Alexander v Goord,* 3 AD3d 638 [2004]). In addition, the record reveals that the Hearing Officer was compelled to terminate the testimony of two other witnesses after petitioner became argumentative. We have considered petitioner's remaining claims, to the extent they are properly before us, and find them to be unavailing.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.