■ In the Matter of BERNARDINO BURGOS-MORALES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [802 NYS2d 388]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County)

to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty following a tier III hearing. After the determination was affirmed on administrative appeal, he commenced this CPLR article 78 proceeding.

Initially, we find that the misbehavior report, together with the hearing testimony and the positive urinalysis test results, provide substantial evidence supporting the determination of guilt (*see Matter of Paige v Goord*, 19 AD3d 908 [2005]; *Matter of Townes v Goord*, 14 AD3d 754, 754-755 [2005]). Contrary to petitioner's claim, the request for urinalysis test form adequately set forth the chain of custody of the specimen by indicating when it was collected, placed in the freezer, removed for testing and destroyed, as well as the identity of the officers handling it (*see Matter of Van Dusen v Selsky*, 14 AD3d 979, 980 [2005]). Furthermore, we are unpersuaded by petitioner's assertion that he was improperly denied the right to call witnesses as the individuals in question would not have provided testimony relevant to the charge (*see Matter of Alexander v Goord*, 3 AD3d 638 [2004]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.