In the Matter of JAMES E. PENNINGTON, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [809 NYS2d 684]—

Appeal from a judgment of the Supreme Court (Bradley, J.), entered February 2, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner failed to cooperate with a female storehouse clerk's order to move away from an area she was trying to secure and, during this exchange, petitioner professed his love for her. As a result, he was charged in a misbehavior report with refusing a direct order, interfering with an employee and harassment. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the determination on procedural grounds. Following

service of respondents' answer, Supreme Court dismissed the petition and this appeal ensued.

Initially, petitioner contends that the disciplinary disposition was not rendered within 24 hours of the conclusion of the hearing as required by 7 NYCRR 254.7 (a) (5). Although no further evidence was presented after March 1, 2004, the hearing officer adjourned the hearing specifically for the purpose of making a disposition. The disposition was, in fact, rendered the last day of the hearing on March 5, 2004 at which time petitioner acknowledged it by signing the disposition sheet. Under these circumstances, we find that it was timely (see Matter of Reed v Selsky, 9 AD3d 710, 711 [2004], lv denied 3 NY3d 611 [2004]). Nevertheless, petitioner has not demonstrated that he was prejudiced by the adjournment and his assertion that the hearing officer based the disposition on an outside investigation is purely speculative. Furthermore, petitioner's additional claim that he was precluded from effectively questioning the author of the misbehavior report is unpreserved as he did not object at the hearing (see Matter of Toledo v Selsky, 12 AD3d 824, 825 [2004]). In any event, even if we were to consider it, we would find it to be unpersuasive as the hearing officer could properly exclude irrelevant testimony (see Matter of Burgos-Morales v Goord, 22 AD3d 999, 1000 [2005]; Matter of Madison v Goord, 273 AD2d 557, 558 [2000]).

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.