■ In the Matter of EDWIN LAMAGE, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [906 NYS2d 110]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review (1) a determination of the Superintendent of Elmira Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules, and (2) a determination of the Commissioner of Correctional Services which directed petitioner be placed in involuntary protective custody.

Petitioner became loud and argumentative with a civilian cook, ignored a correction officer's directives to calm down and put his hands on the wall, and spoke to the officer in a derogatory manner. As a result, he was charged in a misbehavior report with refusing a direct order, creating a disturbance, engaging in harassment and violating frisk procedures. Following a tier II disciplinary hearing, he was found guilty of the first three charges, but not guilty of the last. The determination was affirmed on administrative appeal. Prior to this incident, petitioner was placed in involuntary protective custody based upon confidential information received by a correction sergeant that petitioner had been assaulted by another inmate. Petitioner commenced this CPLR article 78 proceeding challenging both the disciplinary determination and the determination placing him in involuntary protective custody.

Initially, we note that petitioner has not made any arguments with respect to the involuntary protective custody determination in his brief and, consequently, his challenge to said determination is deemed abandoned (*see Matter of Whaley v Goord*, 47 AD3d 1132, 1133 [2008]; *Matter of Toledo v Selsky*, 12 AD3d 824, 824 [2004]). As for the disciplinary determination, we find that the misbehavior report, together with the testimony given by correction officials at the disciplinary hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Williams v Fischer*, 69 AD3d 1278, 1278 [2010]; *Matter of Jamison v Goord*, 8 AD3d 860, 860 [2004]). Petitioner's claim that the misbehavior report was prepared in retaliation

for a grievance he filed against the correction officer who authored it is not substantiated by the record and presented a credibility issue for the Hearing Officer to resolve (*see Matter of Hamilton v Selsky*, 13 AD3d 844, 845 [2004], *lv denied* 5 NY3d 704 [2005]; *Matter of Jamison v Goord*, 8 AD3d at 860). Likewise, the record does not demonstrate that the Hearing Officer was biased or that the determination of guilt flowed from any alleged bias (*see Matter of Webb v Leclaire*, 52 AD3d 1131, 1133 [2008]; *Matter of Hamilton v Selsky*, 13 AD3d at 845-846). Petitioner's remaining claims are either not preserved for our review or are lacking in merit.

Mercure, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.