Matter of Williams v Annucci (2018 NY Slip Op 04161)





Matter of Williams v Annucci


2018 NY Slip Op 04161


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


613.1 TP 17-01824

[*1]IN THE MATTER OF FREDERICK L. WILLIAMS, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






FREDERICK L. WILLIAMS, PETITIONER PRO SE. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Russell P. Buscaglia, A.J.], entered September 15, 2017) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules. Petitioner contends that substantial evidence does not support the determination that he violated inmate rules 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]), 101.10 (7 NYCRR 270.2 [B] [2] [i] [sex offense]) or 101.20 (7 NYCRR 270.2 [B] [2] [iii] [lewd conduct]). We reject that contention.
The testimony of the correction officers at the hearing and the misbehavior report constitute substantial evidence that petitioner was guilty of violating the subject inmate rules (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; People ex rel. Vega v Smith, 66 NY2d 130, 140 [1985]). Petitioner's testimony in support of his claims, i.e., that the reporting correction officer was sexually harassing him and wrote the misbehavior report because she was afraid petitioner would "tell on" her and because she sought to retaliate against him for past grievances, merely presented an issue of credibility for resolution by the Hearing Officer (see Foster, 76 NY2d at 966).
Contrary to petitioner's contention, the record does not support the conclusion that the Hearing Officer was biased or that the determination flowed from the alleged bias (see Matter of Colon v Fischer, 83 AD3d 1500, 1501-1502 [4th Dept 2011]; Matter of Rodriguez v Herbert, 270 AD2d 889, 890 [4th Dept 2000]). The mere fact that the Hearing Officer ruled against petitioner is insufficient to establish bias (see Matter of Edwards v Fischer, 87 AD3d 1328, 1329 [4th Dept 2011]; Matter of Wade v Coombe, 241 AD2d 977, 977 [4th Dept 1997]).
Contrary to petitioner's further contention, we conclude that the Hearing Officer properly denied his request to call the Hall Captain to testify. Inasmuch as the Hall Captain did not witness the incident, the Hearing Officer properly determined that his testimony would be irrelevant (see Matter of Cunningham v Annucci, 153 AD3d 1491, 1492 [3d Dept 2017]). The Hearing Officer likewise properly denied petitioner's request for a video depicting a conversation he had with a correction officer in which the officer allegedly informed petitioner that the reporting officer did not report the incident to him. The content of the alleged conversation was [*2]not relevant to the issue whether petitioner violated the subject inmate rules. We further conclude, contrary to petitioner's additional contentions, that the Hearing Officer properly limited witness testimony to relevant questions concerning what happened on the date of the incident and properly excused a witness after petitioner became argumentative (see Matter of Townes v Goord, 14 AD3d 754, 755 [3d Dept 2005]).
Lastly, we reject petitioner's contention that the misbehavior report was fatally defective because it was written a day after the incident. The applicable regulation does not require that it be written the same day as the incident but, rather, it must be written "as soon as practicable" (7 NYCRR 251-3.1 [a]; see Matter of Hamilton v Selsky, 13 AD3d 844, 846 [3d Dept 2004], lv denied 5 NY3d 704 [2005], rearg denied 5 NY3d 850 [2005]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court