■ In the Matter of BERNARD THOMAS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [739 NYS2d 501] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting violent conduct, assault on a staff member, interference with a staff member and refusing to obey a direct order. The correction officer who authored the misbehavior report testified that prior to conducting a routine search of petitioner's cell, he ordered petitioner to put his hands through the feed-out hatch of his cell so that he could be handcuffed. Petitioner refused three direct orders to put out his hands but finally complied after the arrival of the sergeant on duty. As the reporting correction officer was about to lock the cuffs, petitioner forcefully attempted to pull his hands back into the cell, causing the officer's hand and fingers to be jammed against the cell door. Petitioner made several additional attempts to grab the officer's hand before he could be subdued.

Substantial evidence of petitioner's guilt was presented in the form of the detailed misbehavior report, the testimony of the officer who authored the report, the testimony of the

sergeant who witnessed the events in question and a surveillance videotape showing the incident in question (*see, Matter of Pristell v Goord*, 238 AD2d 657, 658; *Matter of Bodden v Coughlin*, 217 AD2d 765).

The exculpatory testimony given by petitioner, in which he asserted that the tightness of the handcuffs caused him to flinch involuntarily, resulting in accidental injury to the correction officer, raised an issue of credibility for resolution by the Hearing Officer (*see, Matter of Morales v Goord*, 270 AD2d 549). Petitioner's contentions that he was denied a fair hearing due to Hearing Officer bias and other alleged procedural shortcomings are unsupported by the record and are found to be without merit (*see, Matter of Covington v Goord*, 262 AD2d 803). The determination under review, accordingly, will not be disturbed.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.