■ In the Matter of LARRY PORTER, Petitioner, v MICHAEL P. McGINNIS, as Superintendent of Southport Correctional Facility, et al., Respondents. [798 NYS2d 540]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Superintendent of Southport Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

When a female correction counselor arrived at petitioner's cell to provide assistance with a disciplinary matter, he was dressed in only underwear and refused to put on a pair of state issued green pants. As a result, he was charged in a misbehavior report with refusing a direct order and interfering with an employee. He was found guilty of both charges following a tier II disciplinary hearing and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the testimony of the correction counselor and the videotape of the incident provide substantial evidence supporting the determination of guilt (*see Matter of Thomas v Goord*, 293 AD2d 799, 799-800 [2002], *appeal dismissed* 98 NY2d 727 [2002], *lv denied* 98 NY2d 613 [2002]). Petitioner's defense of retaliation presented a question of credibility for the Hearing Officer to resolve (*see Matter of Jamison v Goord*, 8 AD3d 860, 860 [2004]). Contrary to petitioner's claim, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Claudio v Selsky*, 4 AD3d 702, 704 [2004]). Petitioner's assertion that the dress code policy was not properly filed with the Secretary of State was not raised at the

hearing and, therefore, has not been preserved for our review (*see Matter of Lopez v Goord*, 14 AD3d 771 [2005]).

Spain, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.