■ In the Matter of LARRY DAVIS, Petitioner, v ROY GIRDICH, as Superintendent of Upstate Correctional Facility, Respondent. [798 NYS2d 586]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with possession of personal identifying information and verbal harassment in that he shouted to a correction officer that he knew the officer's Social Security number, which he then called out. Following a disciplinary hearing, at which two inmates and the correction officer testified, petitioner was found guilty as charged. After the determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The correction officer's written report, together with his testimony and that of the two inmates who were in cells near petitioner, provides substantial evidence in support of the Hearing Officer's findings.

We also reject petitioner's claim that he was denied the right to call witnesses. The record reveals that six witnesses identified by petitioner were contacted, five of whom signed witness refusal forms, copies of which were furnished to petitioner. The sixth witness testified. At the conclusion of the hearing testimony, the Hearing Officer inquired as to whether petitioner had any other witnesses he was requesting, and petitioner responded that he did not. Under the circumstances, petitioner waived any claim that he was improperly denied the right to call witnesses (*see Matter of Vigliotti v Duncan*, 10 AD3d 776, 777 [2004], *lv dismissed* 4 NY3d 738 [2004]).

Petitioner's claim that the use of speaker phones regarding the two inmate witnesses who testified constituted a denial of his right to call witnesses is similarly unavailing. We previously have held that receiving testimony by speaker phone does not violate a petitioner's rights (*see Matter of Murphy v Goord*, 272 AD2d 730, 730-731 [2000]).

Finally, we find no support in the record with regard to petitioner's claim that the Hearing Officer was biased, and there is no evidence that the determination flowed from any alleged bias (*see Matter of Jackson v Smith*, 13 AD3d 685, 686 [2004], *lv denied* 4 NY3d 707 [2005]). Petitioner's remaining claims are either unpreserved for our review or are lacking in merit.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.