In the Matter of LARRY PORTER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [800 NYS2d 857]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with interfering with an employee, harassment, soliciting a sexual act and

refusing a direct order stemming from his conduct during a meeting with a tier assistant on a separate disciplinary matter. Following a disciplinary hearing, petitioner was found guilty of all charges. The determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.

The misbehavior report and testimony of the tier assistant who authored it, together with the testimony from an eyewitness correction officer and the surveillance videotape of the assistance's visit, provide substantial evidence to support the determination of guilt (*see Matter of Goncalves v Berbary*, 14 AD3d 743, 744 [2005]; *Matter of Thomas v Goord*, 293 AD2d 799, 799-800 [2002], *appeal dismissed* 98 NY2d 727 [2002], *lv denied* 98 NY2d 613 [2002]). To the extent that petitioner maintains that the misbehavior report was issued in retaliation for a prior incident involving the same tier assistant, this created a credibility issue for the Hearing Officer to resolve (*see Matter of Brown v Goord*, 17 AD3d 952 [2005]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and found to be without merit.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.