■ In the Matter of JAVON BOATWRIGHT, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, et al., Respondents. [807 NYS2d 189]—Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered February 25, 2005 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review

a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding raising various procedural issues. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Initially, by failing to object at the hearing to the adequacy of the foundation for the urinalysis test results or the sufficiency of the misbehavior report, petitioner has failed to preserve these claims for our review (*see Matter of Odome v Goord*, 8 AD3d 921, 922 [2004]; *see also Matter of Beckles v Selsky*, 273 AD2d 584, 585 [2000], *lv denied* 95 NY2d 764 [2000]). Furthermore, his claim that the Hearing Officer did not conduct the hearing in a fair and impartial manner is not substantiated by the record as there is nothing to indicate that the Hearing Officer was biased or that the determination at issue flowed from any alleged bias (*see Matter of Davis v Girdich*, 20 AD3d 788, 789 [2005], *lv denied* 5 NY3d 715 [2005]; *Matter of Porter v Mc-Ginnis*, 20 AD3d 641, 641 [2005]). We have considered petitioner's remaining contentions and find no basis for disturbing the judgment dismissing the proceeding.

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.