Matter of McLean v Martuscello (2024 NY Slip Op 03917)

Matter of McLean v Martuscello

2024 NY Slip Op 03917

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

CV-23-2247
[*1]In the Matter of Alvin W. McLean, Petitioner,
v
Daniel F. Martuscello III, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 14, 2024

Before:Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Alvin W. McLean, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with possessing drugs, possessing contraband and smuggling. The charges stemmed from an investigation by the Department of Corrections and Community Supervision (hereinafter DOCCS) narcotics unit which prompted a canine search of the housing block. The search uncovered two balloon-type objects containing a green leafy substance in petitioner's cell that had been secreted in an ice bucket and concealed in cheese wrapped in plastic. The green leafy substance subsequently tested positive for marihuana. Following a tier III disciplinary hearing, petitioner was found guilty of possessing drugs but not guilty of the remaining charges. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
The misbehavior report, positive drug test results and testimony at the hearing provide substantial evidence to support the determination that petitioner violated the disciplinary rule prohibiting the possession of drugs (see Matter of Washington v Alderman, 175 AD3d 782, 783 [3d Dept 2019]; Matter of Moise v Annucci, 168 AD3d 1337, 1338 [3d Dept 2019]). Petitioner further contends that the policies and procedures of DOCCS using canines in cell searches is improper under the Federal and State Constitutions and that marihuana should not be considered a "dangerous drug" or "dangerous contraband" in the context of prison disciplinary violations. The proper avenue for challenging the substance or application of a written or unwritten policy of DOCCS, however, is by filing a grievance (see Matter of Wilson v Annucci, 205 AD3d 1163, 1164-1165 [3d Dept 2022]; Matter of Govia v New York State Dept. of Corr. & Community Supervision, 171 AD3d 1323, 1324-1325 [3d Dept 2019]; see also 7 NYCRR 701.2 [a]; 701.3 [e] [3]). To the extent that petitioner also asserts that any use of canines in conducting facility searches was required to be set forth in a written directive filed with the Secretary of State, such contention is not preserved for review as it was not raised at the hearing (see Matter of Porter v McGinnis, 20 AD3d 641, 641-642 [3d Dept 2005]).
Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.