■ In the Matter of FELIPE OLAVE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Facilities, et al., Respondents. [674 NYS2d 462] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

While an inmate at Fishkill Correctional Facility in Dutchess County, petitioner was charged in a misbehavior report with violating the prison disciplinary rule that prohibits smuggling or attempted smuggling. The charges stemmed from an investigation of petitioner's telephone conversations wherein petitioner, petitioner's wife and another individual arranged to have petitioner's wife smuggle drugs into the facility. The initial disciplinary hearing was administratively reversed and

a rehearing ordered. Following the rehearing, petitioner was found guilty of the charge and, upon administrative review, the determination was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination of his guilt.

We reject petitioner's contention that the determination is not supported by substantial evidence. Our review of the exceedingly detailed confidential information relayed by the investigating officer provided a sufficient basis to permit the Hearing Officer to make an independent assessment of the confidential informant's veracity and reliability (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 117, 119; *Matter of Colon v Goord*, 245 AD2d 582, 583-584; *Matter of Butler v Coughlin*, 193 AD2d 973, *lv denied* 82 NY2d 655). Notwithstanding the fact that no drugs were discovered when petitioner's wife was searched when she came to visit at the facility, the misbehavior report, together with the confidential information and the testimony presented at the hearing, provide substantial evidence to support the determination that petitioner arranged to have narcotics smuggled into the facility (*see, Matter of Wan v Selsky*, 231 AD2d 812, 813). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.