■ In the Matter of LEVAL LYDE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [697 NYS2d 741] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits inmates from conspiring to introduce drugs into the correctional facility. The charges stemmed from confidential information and an ensuing cell search which uncovered two lists containing several inmate names along with dollar amounts which the inmates apparently owed to

petitioner. Records from the facility business office revealed that the dollar amounts corresponded with disbursements sent by the listed inmates to an individual whose address was also discovered in petitioner's possession. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking annulment of the determination.

We confirm. The Hearing Officer heard testimony from confidential sources who provided information leading to the search of petitioner's cell, and the confidential information, misbehavior report and testimony presented at the hearing provided substantial evidence of petitioner's guilt, notwithstanding the fact that no drugs were discovered in petitioner's possession during the search of his cell (*see, Matter of Olave v Goord*, 251 AD2d 794). Finally, petitioner's claim that he compiled the lists for the purpose of arranging flower deliveries for the named inmates merely created a credibility issue for the Hearing Officer to resolve (*see, Matter of Pacheco v Dufrain*, 251 AD2d 817).

Petitioner's remaining contentions, including his claims of Hearing Officer bias and ineffective employee assistance, have been reviewed and found to be unpersuasive.

Mikoll, J. P., Yesawich Jr., Peters and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.