■ In the Matter of BENJAMIN KILGORE, Petitioner, v GLENN GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [711 NYS2d 366] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Greene Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II disciplinary hearing, petitioner, a prison inmate, was found guilty of physical interference with an employee, refusing a direct order and harassment. Contrary to petitioner's contention, the correction officer's misbehavior report was sufficiently detailed and probative to constitute substantial evidence of petitioner's guilt (*see, Matter of Almonor v Selsky*, 241 AD2d 584, *lv denied* 90 NY2d 810).

Petitioner's contention that the correction officer misrepresented the incident in his report raised a credibility issue properly resolved by the Hearing Officer (*see, Matter of Malik v Senkowski*, 271 AD2d 793).

By failing to object at the hearing, petitioner's claims that he was denied both witnesses and documentary evidence have neither been preserved for our review (*see, Matter of Serrano v Goord*, 266 AD2d 661, *lv denied* 94 NY2d 762), nor do they have merit. Petitioner's witnesses either testified, did not witness the incident or simply refused to testify and the Hearing Officer fully explored petitioner's documentary evidence claims and properly found that the requested material was either irrelevant or unavailable (*see, Matter of Weatherly v Goord*, 268 AD2d 641). Finally, we have examined petitioner's contention that the Hearing Officer was biased and find it to be wholly unsupported by the record.

Cardona, P. J., Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.