■ In the Matter of PEDRO GUTIERREZ, Petitioner, v ROBERT J. MURPHY, as Director of Special Housing Units/Inmate Disciplinary Program, et al., Respondents. [727 NYS2d 665] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner contends that the determination finding him guilty of violating certain prison disciplinary rules is unfounded because it is based on confidential information. "It is well settled that hearsay evidence in the form of confidential information relayed to the Hearing Officer may provide substantial evidence to support a determination of guilt where the Hearing Officer makes an independent assessment and determines that

the information is reliable and credible" (*Matter of Vega v Goord*, 274 AD2d 807, 808 [citation omitted]). The record, including material submitted for in camera review, demonstrates that the Hearing Officer made the required independent assessment and that there was a sufficient basis for his conclusion that the confidential information was reliable and credible. Inasmuch as the confidential information clearly demonstrates that petitioner solicited a visitor to smuggle contraband into the facility, there is substantial evidence to support the finding that petitioner was guilty of the smuggling charge. Respondents concede that the finding of petitioner's guilt on the charge of conspiring to assault another inmate is not supported by substantial evidence and, therefore, the matter must be remitted for reconsideration of the appropriate penalty for the smuggling charge alone. Accordingly, we need not address petitioner's challenge to the severity of the penalty. We have considered petitioner's remaining arguments and find them insufficient to warrant further discussion.

Cardona, P. J., Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of conspiring to assault another inmate; petition granted to that extent, respondents are directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondents for redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.