■ In the Matter of JEFFREY HILTS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [755 NYS2d 333] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized use of controlled substances after his urine tested positive for the presence of marihuana. Substantial evidence of petitioner's guilt was presented in the form of the misbehavior report, the positive urinalysis test results and the hearing testimony of the correction officer who prepared the report after conducting the urinalysis tests (see Matter of Forestier v Goord, 289 AD2d 859 [2001]; Matter of Hernandez v McGinnis, 251 AD2d 769 [1998]). An inadvertent error that resulted in the incorrect date being

stamped on some of the documentation relating to the urinalysis tests does not provide grounds for annulment. There has been no showing that this clerical error had any impact on the accuracy of the test results or that the defense of petitioner's case was in any way prejudiced thereby (*see Matter of Taylor v Taylor*, 290 AD2d 778 [2002]).

We reject petitioner's contention that the Hearing Officer was precluded from presiding at the disciplinary hearing because he had signed the form authorizing the testing of petitioner's urine. Nothing in the relevant regulations supports this contention (*see* 7 NYCRR 254.1). The remaining issues raised herein have been examined and found to be without merit.

Mercure, J.P., Crew III, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.