■ In the Matter of LEONZA WATKINS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [761 NYS2d 560] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme

Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting the possession of narcotics and smuggling. According to the misbehavior report, the charges stem from an investigation conducted by the Inspector General's office indicating that petitioner had been selling heroin obtained from his wife during visits. While in the facility, petitioner's wife was searched and found to be in possession of heroin.

Included in the evidence presented at petitioner's disciplinary hearing was the misbehavior report and the testimony given by the investigator who prepared it, together with the confidential information gleaned from the investigation, which was reviewed in camera by the Hearing Officer. The record indicates that the Hearing Officer made the required independent assessment that the information was reliable and credible (see Matter of Gutierrez v Murphy, 285 AD2d 783, 784 [2001]; Matter of Olave v Goord, 251 AD2d 794, 795 [1998]). We conclude that substantial evidence supported the determination of petitioner's guilt (see Matter of Jimenez v Goord, 264 AD2d 918, 919 [1999]; Matter of Long v Department of Correctional Servs. of N.Y., 252 AD2d 698 [1998]).

Notwithstanding petitioner's arguments to the contrary, we find that the misbehavior report was sufficiently detailed to enable him to prepare an adequate defense (see Matter of Abdur-Raheem v Mann, 85 NY2d 113, 123 [1995]; Matter of Jackson v Portuondo, 288 AD2d 733 [2001]). Information regarding the names of his alleged coconspirators and the dates they conspired was properly withheld from petitioner based upon concerns of compromising the efficacy of the ongoing investigation and jeopardizing the safety of the facility (see Matter of McDermott v Selsky, 288 AD2d 669 [2001]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.