In the Matter of JOHN DALTON, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [773 NYS2d 912]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional

Services which found petitioner guilty of violating a prison disciplinary rule.

Contrary to petitioner's contention, the misbehavior report, positive urinalysis test results for opiates, supporting documentation and the testimony at the hearing provide substantial evidence to support the determination finding petitioner guilty of violating the prison disciplinary rule that prohibits the unauthorized use of a controlled substance (*see Matter of Perkins v Goord*, 308 AD2d 617, 617 [2003]; *Matter of Coppins v Cerio*, 307 AD2d 486, 486 [2003]). The request for urinalysis testing and the urinalysis procedure forms establish an adequate chain of custody and compliance with proper testing procedures. We are unpersuaded by petitioner's assertion that the determination must be annulled because the urinalysis request form indicates that the test was approved by a sergeant two days prior to the actual urinalysis request being made. The sergeant explained the inadvertent error at the hearing and, in any event, such error does not affect the validity of the positive test results (*see Matter of Victor v Goord*, 309 AD2d 1026 [2003]; *Matter of Hilts v Selsky*, 303 AD2d 809, 809-810 [2003], *lv denied* 100 NY2d 509 [2003]). Petitioner's remaining contentions were not raised on administrative appeal and, therefore, are not preserved for our review (*see Matter of Brisman v Senkowski*, 278 AD2d 778, 779 [2000]). In any event, were we to consider them, we would find them meritless.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.