■ In the Matter of ARMANDO COLON, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [783 NYS2d 158]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 30, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which placed petitioner in involuntary protective custody.

Petitioner, a prison inmate, was stabbed three times by an unidentified inmate. Based upon petitioner's refusal or inability to identify the attacker, as well as information that if placed back in the general population petitioner would be attacked again or retaliate against the attacker, a recommendation that petitioner be placed in involuntary protective custody was issued. After a hearing, petitioner was so placed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.

Petitioner's claim of inadequate employee assistance is unavailing. The record establishes that the employee assistant provided petitioner with all the relevant information requested, or instructed petitioner to request the material at the hearing. Petitioner was provided with meaningful assistance and has demonstrated no prejudice from any of the alleged inadequacies (*see Matter of West v Costello*, 270 AD2d 673, 674 [2000]).

Petitioner also maintains that he was denied the right to call various witnesses or present documentary evidence at the hearing. Although various witnesses were listed on his employee assistant form, there is no indication in the hearing transcript that petitioner requested that any witnesses be called. Similarly, petitioner failed to request that he be provided with the documents he did not receive. Inasmuch as no objection to the lack of any witnesses' testimony or documents was made at the hearing, petitioner failed to preserve these issues for our review (*see Matter of Kilgore v Goord*, 273 AD2d 695, 696 [2000]; *see also Matter of Hodge v Goord*, 280 AD2d 767 [2001]).

Finally, a review of the record belies petitioner's contention of hearing officer bias. The record establishes that the determination to place petitioner in involuntary protective custody flowed from the attack on petitioner, the serious nature of petitioner's injuries, information contained in the protective custody recommendation and petitioner's own testimony regarding his conflicts with other inmates and not from any alleged bias on the part of the Hearing Officer (*see Matter of Claudio v Selsky*, 4 AD3d 702, 704 [2004]).

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.