In the Matter of CHARLES WILLIAMS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [809 NYS2d 688]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Superintendent of Southport Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Correction officers intercepted three envelopes written by petitioner containing the return address of another inmate that had been submitted for processing as legal mail. The contents revealed that petitioner was doing legal work for another inmate. He was charged in a misbehavior report with violating facility correspondence procedures and providing unauthorized legal assistance. Petitioner was found guilty of the charges following a tier II disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. At the hearing, petitioner admitted that he prepared legal documentation for another inmate, who was apparently illiterate, without receiving authorization from correction officials. This, together with the misbehavior report, the testimony of the senior mail clerk and the documentation depicting petitioner's handwriting, provide substantial evidence supporting the determination of guilt (*see Matter of Green v Senkowski*, 269 AD2d 653, 653 [2000], *lv denied* 95 NY2d 752 [2000]; *Matter of Ellis v Coombe*, 253 AD2d 945, 945 [1998]). Inasmuch as the hearing officer prepared the written disposition at the hearing and read it on the record in petitioner's presence, we conclude that petitioner has failed to demonstrate prejudice resulting from any delay in receiving the written determination (*see* 7 NYCRR 252.5; *Matter of Johnson v Goord*, 297 AD2d 881, 882 [2002]). We also reject petitioner's assertion that he was improperly denied the right to call as a witness a correction counselor familiar with the other inmate's illiteracy since the counselor did not have personal knowledge of the incident in question and would not have offered testimony relevant to the charges at issue (*see Matter of Murray v Goord*, 273

AD2d 558, 559 [2000]; *Matter of Madison v Goord*, 273 AD2d 557, 558 [2000]). Furthermore, upon reviewing the record, we do not find that the hearing officer was biased or that the determination flowed from any alleged bias (*see Matter of Moore v Goord*, 16 AD3d 800, 800 [2005]). Petitioner's remaining contentions have been considered and are lacking in merit.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.