■ In the Matter of CHARLES DANIELS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [819 NYS2d 205]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

A search of petitioner's cube was ordered after the mailroom clerk at the correctional facility where he recently had been transferred intercepted a money order and certain legal papers mailed to petitioner. During the search, correction officers discovered various legal documents belonging to two inmates. As a result, petitioner was charged in a misbehavior report with possessing contraband, possessing authorized articles in an unauthorized area, smuggling and providing unauthorized legal assistance. At the conclusion of a tier III disciplinary hearing, he was found guilty of providing unauthorized legal assistance. The determination of guilt was upheld on administrative appeal, with a modified penalty. This CPLR article 78 proceeding ensued.

Preliminarily, we note that while the transcript of the disciplinary hearing contains some irregularities, including duplicitous portions and a minor omission, such deficiencies are not so significant as to preclude meaningful judicial review (*see Matter of Harris v Selsky*, 15 AD3d 708 [2005]). Upon reviewing the record, we find that the misbehavior report, voluminous documentary evidence and testimony presented at the hearing provide substantial evidence supporting the determination of guilt (*see Matter of Williams v Goord*, 27 AD3d 808, 809 [2006]). Although petitioner maintained that he had permission from officials at the facility from which he was transferred to provide legal assistance to one of the inmates, he admitted that he did not obtain authorization from officials at the new facility to continue such assistance or provide legal assistance to the other inmate whose papers were found in his possession. As petitioner repeatedly reassured the Hearing Officer that he had no procedural objections at the hearing, his remaining contentions have not been preserved for our review (*see Matter of Steward v Goord*, 24 AD3d 1075, 1076 [2005]) and, were we to reach them, would be found to be lacking in merit.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.