■ In the Matter of JONATHAN ODOM, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [829 NYS2d 282]—

---

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with possessing contraband capable of being used as a weapon, assaulting prison officials, violent conduct and refusing to obey a direct order. According to the misbehavior report, petitioner had refused several direct orders to be pat frisked after he had been observed retrieving an item from a window ledge. A struggle ensued with petitioner allegedly elbowing and biting a correction officer. Ultimately, a toothbrush that had been sharpened to a point and equipped with a cloth handle was discovered in petitioner's shirt pocket. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination of guilt was upheld on administrative appeal, although the recommended penalties were lessened. Petitioner then commenced this CPLR article 78 proceeding.

Petitioner first contends that the Hearing Officer improperly refused to allow petitioner to present evidence in his own defense. At the hearing, petitioner claimed that he was too small to reach the window ledge in question. According to petitioner, the Hearing Officer refused to view the window and measure its height, as petitioner requested. In our view, however, any error in failing to accede to petitioner's request for measuring the window was harmless (see Matter of Perez v Goord, 300 AD2d 956 [2002]). Even crediting petitioner's contention that he could not reach the window, he was not charged with removing the toothbrush from the window; he was charged with possessing it. To the extent that he contended that the toothbrush was "planted" on him, his assertion raised an issue of credibility for the Hearing Officer to resolve (see Matter of Tarantola v Selsky, 32 AD3d 1102 [2006]; Matter of Costner v Goord, 31 AD3d 1082 [2006]). In short, the determination was based upon substantial evidence adduced at the hearing, including the misbehavior report and the testimony of both the reporting officer and other correction officers who were on duty at the time of the incident (see Matter of Seymour v Goord, 24 AD3d 831 [2005], lv denied 6 NY3d 711 [2006]).

The remaining issues have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.