■ In the Matter of MALIK ALLAH, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [829 NYS2d 744]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County)

to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Upon investigation, it was discovered that petitioner sent a letter to an inmate who had been incarcerated at another correctional facility by using the inmate's furlough address and that petitioner did not obtain permission to correspond with the inmate. As a result, he was charged in a misbehavior report with violating facility correspondence procedures, smuggling and possessing contraband. Petitioner was found guilty of violating facility correspondence procedures and smuggling at the conclusion of a tier III hearing, with the later charge reversed upon administrative appeal and the penalty modified to 52 days of keeplock with corresponding loss of packages, telephone and commissary privileges. He then commenced this CPLR article 78 proceeding.

We confirm. Initially, we find no merit to petitioner's claim that Department of Correctional Services Directive No. 4422 violates Correction Law § 138 (3), which requires that facility rules state the range of disciplinary sanctions that can be imposed. This directive outlines the policies and procedures governing inmate correspondence (see 7 NYCRR part 720). Disciplinary rule 180.11 is the rule that governs compliance with this directive (see 7 NYCRR 270.2 [B] [26] [ii]) and which petitioner was charged with violating. Insofar as the sanctions for violating this disciplinary rule are set forth in 7 NYCRR 254.7 and the penalty imposed was authorized (see 7 NYCRR 254.7 [a] [1] [ii]), there was proper compliance with the statute.

Turning to the merits, petitioner admitted that he wrote the letter and sent it to the other inmate at an outside address without having obtained permission to correspond with the inmate. This, together with the misbehavior report, letter and testimony of the inmate who received the letter, provide substantial evidence supporting the determination of guilt (see Matter of Williams v Goord, 27 AD3d 808, 809 [2006]).

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.