In the Matter of ERIC SHA-MEK FRAZIER, Petitioner, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, Respondent. [836 NYS2d 352]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while an inmate at Clinton Correctional Facility in Clinton County, was charged in a misbehavior report with creating a disturbance, making threats and refusing a direct order. Following a tier III disciplinary hearing, he was found guilty of all three charges, and such determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, along with the testimony of the correction officer who authored it, provide substantial evidence to support the determination of guilt (*see Matter of Odom v Selsky*, 37 AD3d 923, 924 [2007]; *Matter of Spulka v Selsky*, 36 AD3d 1183, 1184 [2007]). Contrary testimony presented at the hearing raised a credibility issue for the Hearing Officer to resolve (*see Matter of Chaney v Selsky*, 37 AD3d 983, 984 [2007]; *Matter of Laureano v Goord*, 36 AD3d 1175, 1176 [2007]).

Petitioner's contention that the hearing was not timely completed (*see* 7 NYCRR 251-5.1 [b]) must be rejected. Absent a showing that substantial prejudice flowed from the delay, the regulatory time limits are construed to be directory rather than mandatory (*see Matter of Rosario v Selsky*, 37 AD3d 921, 921-922 [2007]; *Matter of Chaney v Selsky*, 35 AD3d 1109, 1110 [2006]).

As for petitioner's claim that he was denied the right to call as witnesses certain inmates whom he had listed on his employee assistant form as potential witnesses, there is no indication in the transcript that petitioner actually requested that these individuals be called. Moreover, this argument was not preserved for our review given petitioner's failure to raise an objection at the hearing (*see Matter of Colon v Goord*, 11 AD3d 839, 840 [2004]). Next, the record is devoid of any indication

that the determination of guilt was the result of bias on the part of the Hearing Officer (*see Matter of Thompson v Goord*, 37 AD3d 914, 914-915 [2007]; *Matter of Nina v Selsky*, 35 AD3d 1049, 1050 [2006]). Finally, the deficiencies in the hearing transcript are not so significant as to preclude meaningful judicial review (*see Matter of Williams v Goord*, 37 AD3d 948, 948 [2007]; *Matter of McIver v Goord*, 37 AD3d 943, 944 [2007]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.