██ In the Matter of RAFAEL CORTORREAL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [837 NYS2d 443]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Superintendent of Shawangunk Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in an inmate misbehavior report with violating the prison disciplinary rule prohibiting forging documents and the prison disciplinary rule mandating compliance with facility correspondence procedures. After a hearing, petitioner was found guilty of both charges and a penalty was imposed. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondents concede that the determination finding petitioner guilty of forgery should be annulled for failure of the Hearing Officer to permit the testimony of petitioner's mother and sister as to whether petitioner had permission to sign their names. Remittal for reconsideration of the penalty is unnecessary, however, because it has already been served (*see Matter of Jiminez v Selsky*, 29 AD3d 1246, 1247 n [2006]).

Substantial evidence, consisting of the misbehavior report, the testimony of the facility postal clerk and petitioner's admissions, supports the determination that petitioner violated correspondence procedures by submitting for mailing a manila envelope containing several smaller envelopes addressed to individuals other than the addressee on the manila envelope, a practice known as "kiting." The violation was discovered when the manila envelope was returned to the facility by the post of-

fice, stamped "ATTEMPTED, NOT KNOWN." We have considered petitioner's arguments, that he should have been allowed to call a post office employee to prove that the envelope never left the facility, respondents violated their own directives for processing incoming mail and chain-of-custody documentation, the penalty imposed was improper and that other procedural errors occurred, and reject each as either speculative, contrary to the documentary evidence or totally without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of forgery; petition granted to that extent and respondent Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.