■ In the Matter of CALVIN ABRAHAM, Petitioner, v STATE OF NEW YORK, Respondent. [853 NYS2d 226]—

Petitioner, a prison inmate, initially was charged in a misbehavior report with threatening a fellow inmate and, after his urinalysis sample tested positive for the presence of opiates, was issued a second misbehavior report based upon that test result. Following two tier III disciplinary hearings, petitioner was found guilty of both charges and separate administrative penalties were imposed. Petitioner's subsequent administrative appeals proved unsuccessful, prompting him to commence this proceeding pursuant to CPLR article 78 seeking to annul both of the underlying determinations.

We confirm. With regard to petitioner's assertion that he was denied the right to call relevant witnesses, including the inmate he threatened, we need note only that the Hearing Officer advised petitioner that the victim refused to testify and the reasons therefore. Inasmuch as petitioner neither raised any objection in this regard nor requested any additional witnesses, he cannot now be heard to complain (*see Matter of Frazier v Artus*, 40 AD3d 1288 [2007]). As to petitioner's claim that the Hearing Officer failed to independently assess the credibility and reliability of the confidential information offered at the hearing on the threat charge, assuming this contention is properly before us, the confidential materials provided for our in camera review reveal that the Hearing Officer indeed had sufficiently detailed information available to undertake the required assessment (*see Matter of Lashley v Lindsay*, 45 AD3d 1073 [2007]). Equally unpersuasive is petitioner's assertion that there was a break in the chain of custody regarding his urine sample, as the testimony of the correction officer who initially obtained the sample adequately explains the entries contained on the chain of custody form (*see Matter of Zippo v Goord*, 2 AD3d 1006 [2003]; *Matter of Spulka v Selsky*, 308 AD2d 650, 651 [2003]). Further, whatever intermittent gaps may exist in the respective hearing transcripts do not preclude meaningful appellate review (*see Matter of Campbell v Stinson*, 269 AD2d 631 [2000], *appeal dismissed* 95 NY2d 848 [2000]), and petitioner has failed to demonstrate how conducting the two disciplinary hearings on the same day was either improper or prejudicial. Petitioner's remaining contentions, including his assertion that the determinations are not supported by substantial evidence, have been examined and found to be lacking in merit.

Mercure, J.P., Carpinello, Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.