■ In the Matter of CHARLES ROSS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [854 NYS2d 565]—

Petitioner was charged in a misbehavior report with conspiring to introduce drugs and soliciting others to smuggle drugs into the facility at which he was incarcerated. At the conclusion of the tier III disciplinary hearing that followed, petitioner was found guilty and a penalty of 36 months in the special housing unit, a corresponding loss of privileges and a recommended 24 months of loss of good time was imposed. Upon administrative review, the period of confinement to the special housing unit was reduced to 12 months. Petitioner thereafter commenced this proceeding, subsequently transferred to this Court, seeking to annul the underlying determination.

We confirm. Contrary to petitioner's assertion, the confidential information received into evidence at the hearing was sufficiently detailed to permit the Hearing Officer to independently assess its credibility and reliability (*see Matter of Watkins v Goord*, 307 AD2d 503, 504 [2003], *appeal dismissed and lv denied* 1 NY3d 532 [2003]). Such information, in turn, coupled with the misbehavior report, the testimony of the senior investigating officer and the taped telephone conversation between petitioner and another, provides substantial evidence to support the findings of guilt (*see id.*).

As to petitioner's procedural objections, his claim that he was denied the right to call witnesses and present documentary evidence, as well as his assertion that there was an insufficient foundation laid for the introduction of certain drug test results, were not raised at the disciplinary hearing and, hence, are not preserved for our review (*see Matter of Frazier v Artus*, 40 AD3d 1288 [2007]). In any event, the record reveals such claims to be meritless. Finally, with regard to the adequacy of the misbehavior report, we find that it was sufficient to apprise petitioner of the charges against him and enable him to prepare a defense. In view of the concerns for institutional safety and the nature of the ongoing investigation, the investigator's failure to identify

all of the alleged coconspirators and each date upon which they allegedly conspired did not render it defective (*see Matter of Jackson v Smith*, 13 AD3d 685 [2004], *lv denied* 4 NY3d 707 [2005]; *Matter of Watkins v Goord*, 307 AD2d at 504; *Matter of Mays v Goord*, 285 AD2d 847, 848 [2001], *lv denied* 97 NY2d 603 [2001]). Accordingly, the underlying determination is confirmed.

Peters, J.P., Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.