■ In the Matter of LAMEL SMITH, Petitioner, v KEITH DUBRAY, as Director of Special Housing Unit and Inmate Disciplinary Programs, Respondent. [871 NYS2d 758]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

In May 2007, petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting the use of a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty following a tier III disciplinary hearing. After an unsuccessful administrative appeal, he commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, positive urinalysis test results, supporting documentation and the hearing testimony provide substantial evidence of petitioner's guilt (*see Matter of*

*Webb v Leclaire*, 52 AD3d 1131, 1132 [2008]; *Matter of Hoover v Goord*, 38 AD3d 1069, 1070 [2007], *lv denied* 8 NY3d 816 [2007]). In addition, the supporting documentation established the proper foundation for the reliance on the positive test results (*see* 7 NYCRR 1020.5 [a]; *Matter of Williams v Selsky*, 45 AD3d 1023, 1024 [2007]).

Petitioner contends that the testing officer's failure to recalibrate the testing apparatus between sample tests rendered the test results unreliable. We disagree. Former 7 NYCRR 1020.4 (e) (1) (iv), which codified Department of Correctional Services directive No. 4937, required that new positive and negative control tests be run prior to a second test on a urine sample. Directive No. 4937 was amended in October 2006, however, specifically removing the requirement to conduct the new control tests prior to testing the second sample due to advanced technology incorporated in the testing equipment.[1] Our review of the record satisfies us that the testing officer was properly trained in the use of the testing apparatus and followed the manufacturer's recommended operating procedures (*see* 7 NYCRR 1020.4 [e] [1] [iii]). In light of this, and in the absence of any evidence substantiating petitioner's claim that the failure to recalibrate caused a false positive test result, we find his claim that the test was unreliable to be without merit.[2]

Moreover, although the testing officer admittedly transcribed an incorrect cutoff calibrator rate on the urinalysis procedure form for the second test, insofar as the accompanying computer printout generated by the testing system reflects that the proper cutoff rate was used, we find that the error did not affect the validity of the test (*see Matter of Dalton v Selsky*, 6 AD3d 844, 845 [2004]). Finally, as petitioner failed to object at the hearing that he was denied documentary evidence, the issue is not preserved for our review (*see Matter of Colon v Goord*, 11 AD3d 839, 840 [2004]; *Matter of Kilgore v Goord*, 273 AD2d 695, 696 [2000]).

Peters, J.P., Spain, Kane and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

1. The regulation was amended, effective March 31, 2008, and the positive and negative control test requirements were deleted (*see* 7 NYCRR 1020.4 [e] [1] [iv]).

2. Although Directive No. 4937 was not, at the time of petitioner's hearing, filed as required with the Department of State (*see* Executive Law § 102), a different result is not required as the testing was done in compliance with 7 NYCRR 1020.4 (e) (1) (iii).