■ In the Matter of ISHAM MOORE, Petitioner, v BRIAN FISCH-ER, as Commissioner of Correctional Services, Respondent. [880 NYS2d 790]—

Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Based on information provided by a confidential informant, a mail and phone watch were initiated through which information was uncovered that petitioner, a prison inmate, was engaged in a scheme to smuggle heroin and marihuana into the correctional facility in which he was housed. In January 2008, a visitor to the facility was questioned and surrendered a quantity of drugs, admitting that she had corresponded with petitioner and was smuggling the drugs for him. Following a tier III disciplinary hearing, petitioner was found guilty of drug possession and smuggling. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the determination of his guilt.

To the extent that petitioner challenges the basis for the determination of guilt, we find that the misbehavior report, the copies of petitioner's letters, his admissions at the hearing and the testimony of the investigator provide substantial evidence to support said determination (*see Matter of Ponder v Fischer*, 56 AD3d 1094, 1094 [2008]; *Matter of Cortorreal v Goord*, 41 AD3d 1048, 1048 [2007]).

Petitioner contends that there was no evidence that a mail watch was authorized by the Superintendent of the facility pursuant to 7 NYCRR 720.3. We note that this issue was not preserved for our review inasmuch as petitioner failed to challenge the legitimacy of the mail watch during the hearing (*see Matter of Smith v Dubray*, 58 AD3d 968, 969 [2009]; *Matter of Frazier v Artus*, 40 AD3d 1288, 1288 [2007]). In any event, the testimony of the investigating officer established the authorization for the mail watch and, thus, a copy of the written authorization was unnecessary (*see Matter of Jimenez v Fischer*, 56 AD3d 924, 925 [2008]; *Matter of Knight v McGinnis*, 10 AD3d 754, 755 [2004]). Finally, we find that there was no requirement that the Hearing Officer assess the credibility of the confidential informant who prompted the investigation, inasmuch as the finding of petitioner's guilt was based upon evidence independent of the confidential information that was provided (*see Matter of Kearney v Fischer*, 51 AD3d 1185, 1186 [2008]; *Matter of Kirby v Leclaire*, 47 AD3d 1174, 1175 [2008]).

We have examined petitioner's remaining arguments and find them to be unpersuasive.

Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.