■ In the Matter of FLOYD COWART, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [888 NYS2d 303]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prisoner, was given a misbehavior report citing various charges stemming from a series of letters that he wrote to the facility's Muslim coordinating chaplain, and which he also distributed to other inmates. Following a tier III disciplinary hearing, petitioner was found guilty of demonstration and unauthorized organization. On administrative appeal, the charge of unauthorized organization was dismissed. Petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's contention, his rights were not violated by a gap in the hearing transcript that represented the omission of a fellow inmate's testimony, inasmuch as said gap does not render the hearing so incomprehensible or incomplete as to preclude meaningful review (*see Matter of Abraham v State of New York*, 49 AD3d 998, 999 [2008]; *Matter of McCloud v Selsky*, 45 AD3d 1127, 1128 [2007]; *Matter of Frazier v Artus*, 40 AD3d 1288, 1289 [2007]). Significantly, the only charge for which petitioner was ultimately found guilty stemmed from the letters he authored and their distribution to other inmates, facts to which petitioner readily admitted during the hearing.

Petitioner also claims that his right to call a witness was denied because, after the Hearing Officer's attempt to contact the inmate witness at another facility failed, no further attempt was made to solicit the inmate's testimony. Inasmuch as petitioner stated affirmatively at the conclusion of such hearing that there was no other evidence he wished to submit and that he did not have any objections to the manner in which the hear-

ing was held, we find no denial of his right to call witnesses (*see Matter of Perretti v Fischer*, 58 AD3d 999, 1002 [2009], *lv denied* 12 NY3d 709 [2009]; *Matter of Ross v Selsky*, 49 AD3d 1065, 1065 [2008]; *Matter of Frazier v Artus*, 40 AD3d at 1288). Furthermore, petitioner sought the testimony to establish that the witness had been in a fight before petitioner arrived at the prison, which was clearly irrelevant to the determination of his guilt (*see Matter of Gimenez v Artus*, 63 AD3d 1461, 1462 [2009]; *Matter of Scott v Fischer*, 57 AD3d 1035, 1036 [2008], *lv denied* 12 NY3d 705 [2009]).

Mercure, J.P., Peters, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.