■ In the Matter of MALIK LOPEZ, Petitioner, v BRIAN FISCH-ER, as Commissioner of Correctional Services, et al., Respondents. [893 NYS2d 341]—

During a routine search of petitioner's cell, a correction officer discovered two flat pieces of metal sharpened to a point on one end secreted under the sink drain pipe. Petitioner was charged in a misbehavior report with possessing a weapon. He was found guilty following a tier III disciplinary hearing. The determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the corroborating testimony adduced at the hearing, provide substantial evidence to support the determination of guilt (*see Matter of Johnson v Rock*, 64 AD3d 1096, 1096 [2009], *lv denied* 13 NY3d 713 [2009]; *Matter of Gimenez v Artus*, 63 AD3d 1461, 1462 [2009]). Petitioner's contention that the weapons were planted in his cell in retaliation for his participation on the inmate liaison committee and for past letters he had written to prison officials complaining of harassment presented a credibility determination for the Hearing Officer to resolve (*see Matter of King v Fischer*, 62 AD3d 1194, 1195 [2009]; *Matter of Muller v Fischer*, 62 AD3d 1191, 1191 [2009]).

We reject petitioner's contention that he was denied the right to introduce documentary evidence to support his retaliation defense. The Hearing Officer acknowledged petitioner's previous complaints of harassment in connection to this defense (*see Matter of Edwards v Goord*, 11 AD3d 832, 833 [2004]), read certain letters written by petitioner into the record and fully explored the retaliation issue during petitioner's testimony. Ac-

cordingly, the admission of the actual letters would have been redundant (see Matter of Williams v Goord, 31 AD3d 1086, 1087 [2006]). Regarding petitioner's request to have photographs taken of the sink area of his cell and have them admitted into evidence, because the testimony by both petitioner and the correction officer who conducted the search was similar in regard to the characteristics of the drain pipe, the need for actual photographs was also redundant.

Finally, regarding petitioner's contention that he was denied the right to call witnesses at the hearing, a review of the record reveals that petitioner's assistant identified eight potential inmate witnesses. Petitioner then chose four of those inmates to testify and all four subsequently signed refusal to testify forms. As petitioner did not request testimony from the remaining four inmates nor did he make any objection in this regard, he cannot now be heard to complain (see Matter of Abraham v State of New York, 49 AD3d 998, 999 [2008]). Petitioner's remaining contentions, including hearing officer bias, have been reviewed and found to be lacking in merit.

Mercure, J.P., Peters, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.