■ In the Matter of CHRIS M. HAWKINS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [898 NYS2d 532]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an incident during which petitioner, a prison inmate, attempted to strike a correction officer while being escorted to his vocational program, he was served with a misbehavior report charging him with attempting to assault staff, refusing a direct order, interfering with an employee and being out of place. At a tier III disciplinary hearing, petitioner pleaded guilty to being out of place and, at the conclusion of the hearing, was additionally found guilty of attempting to assault staff and interfering with an employee. The determination was upheld on administrative review and petitioner now appeals.

Initially, we note that petitioner may not challenge the determination with regard to the charge of being out of place inasmuch as he pleaded guilty to that charge during the hearing (*see Matter of McMoore v Bezio*, 67 AD3d 1218 [2009]; *Matter of Pedraza v Fischer*, 65 AD3d 1434, 1435 [2009]). With regard to the remaining charges, the detailed misbehavior report, the testimony of the correction officers involved and the supporting documentation provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Jones v Fischer*, 69 AD3d 1065, 1065-1066 [2010]; *Matter of Edwards v Bezio*, 69 AD3d 1077 [2010]). Additionally, our review of the record reveals that petitioner was afforded a fair and impartial hearing and the determination of his guilt was a result of the evidence presented, rather than any alleged bias on the part of the Hearing Officer (*see Matter of Hayes v Fischer*, 70 AD3d 1085, 1086 [2010]; *Matter of Burgess v Goord*, 34 AD3d 948, 949 [2006], *lv denied* 8 NY3d 813 [2007]). Petitioner's claim that he did not receive competent employee assistance and that he was denied access to certain documentary evidence is unpreserved for our review due to his failure to raise these issues during the hearing (*see Matter of Riggsbee v Fischer*, 65 AD3d 729 [2009]; *Matter of Griffin v Selsky*, 60 AD3d 1247, 1248 [2009]). The remainder of petitioner's arguments have been examined and are without merit.

Cardona, P.J., Peters, Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.