■ In the Matter of CARLOS ABREU, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [911 NYS2d 240]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Two female nurses visited petitioner at his cell to investigate a grievance that he had filed against another nurse. During this visit, petitioner exposed his genitals and, according to the nurses, started to masturbate. He then ignored a directive by one of the nurses to stop this behavior. As a result, petitioner was charged in a misbehavior report with lewd exposure and refusing a direct order. Following a tier III disciplinary hearing, he was found guilty of the charges and a penalty of nine months in the special housing unit and loss of telephone, packages and commissary was imposed. The determination was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, notwithstanding petitioner's claim to the contrary, we find that the proceeding was properly transferred to this Court inasmuch as the petition raises a question of substantial evidence (*see Matter of Abreu v Bezio*, 71 AD3d 1341, 1341 [2010], *appeal dismissed* 15 NY3d 836 [2010]; *Matter of*

*Hamilton v Selsky*, 13 AD3d 844, 845 [2004], *lv denied* 5 NY3d 704 [2005]; *see also* CPLR 7804 [g]). Turning to the merits, the misbehavior report, together with the testimony of the nurses and a correction officer present at the scene, as well as petitioner's admission that he exposed himself, provide substantial evidence supporting the determination of guilt (*see Matter of Harvey v Goord*, 47 AD3d 1096, 1096 [2008], *appeal dismissed* 10 NY3d 855 [2008]; *Matter of Cortorreal v Goord*, 41 AD3d 1048, 1048 [2007]). Moreover, we reject petitioner's contention that he was improperly denied witnesses inasmuch as the testimony of the two correction officials who were denied would have been redundant to that of another correction official who testified at the hearing (*see Matter of Thorpe v Fischer*, 67 AD3d 1101, 1102 [2009]; *Matter of McLean v Fischer*, 63 AD3d 1468, 1469 [2009]). Petitioner's claim of hearing officer bias is not substantiated by the record, and there is no indication that the determination of guilt flowed from any alleged bias (*see Matter of Burgess v Selsky*, 50 AD3d 1347, 1348 [2008]; *Matter of McNair v Goord*, 265 AD2d 716 [1999]). Furthermore, we cannot conclude that the penalty imposed was so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Wilson v Artus*, 71 AD3d 1294, 1295 [2010]; *Matter of Martinez v Goord*, 48 AD3d 851 [2008]). Finally, petitioner's remaining arguments have been considered and are unpersuasive.

Mercure, J.P., Peters, Rose, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.