■ In the Matter of KEITH KNIGHT, Appellant, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Program, Respondent. [919 NYS2d 220]—

Petitioner attempted repeatedly to get the attention of a female correction sergeant while she was in the yard making her security rounds even though the sergeant instructed him to speak with his housing unit officer about any concerns. This was consistent with petitioner's past conduct in which he attempted to engage the sergeant in conversation about personal

matters causing her to become suspicious of his intentions and concerned for her own safety. As a result, petitioner was charged in a misbehavior report with harassment, stalking and refusing to obey a direct order. Following a tier III disciplinary hearing, he was found guilty of harassment and stalking, but not guilty of refusing a direct order. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding, which was subsequently dismissed by Supreme Court. This appeal ensued.

Initially, we reject petitioner's contention that he was improperly denied requested witnesses at the hearing. Petitioner's legal aid attorney would not have provided relevant testimony as he did not have personal knowledge of the incident in question (*see Matter of Thompson v Votraw*, 65 AD3d 1403, 1404 [2009]; *Matter of Williams v Goord*, 27 AD3d 808, 809 [2006]). Moreover, the testimony of the second correction officer present in the yard, who was finally identified later in the hearing, would have been redundant to that of the other officer who testified (*see Matter of Abreu v Bezio*, 78 AD3d 1341, 1342 [2010]; *Matter of Thorpe v Fischer*, 67 AD3d 1101, 1102 [2009]). Although petitioner mentioned three other correction officers at the commencement of the hearing, he did not pursue his request to have them called as witnesses as he made it clear that he wanted officers who were working in the yard at the time of the incident to testify. Contrary to petitioner's claim, we find that the misbehavior report was sufficiently detailed to enable him to prepare an adequate defense (*see Matter of Pante v Goord*, 73 AD3d 1394, 1395 [2010]; *Matter of Gomez v Fischer*, 70 AD3d 1076, 1076 [2010]). Although petitioner further contends that he was improperly denied documentary evidence consisting of a memorandum from the sergeant to her superior, which he asserts was not confidential in nature, he has not preserved this claim due to his failure to object at the hearing (*see Matter of Hawkins v Fischer*, 72 AD3d 1378, 1379 [2010]; *Matter of Smith v Dubray*, 58 AD3d 968, 969 [2009]). Petitioner's remaining procedural arguments have been considered and are lacking in merit.

Peters, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.