In the Matter of INJAH TAFARI, Appellant, v BRIAN S. FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 695]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 19, 2011 in Franklin County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

While confined to the lower holding pen, petitioner became loud and boisterous, and used disrespectful language when referring to two correction officers. He also ignored a correction officer's directives to stop yelling. As a result, he was charged in a misbehavior report with engaging in verbal harassment, disturbing the order of the facility and refusing a direct order. Petitioner was found guilty of the charges at the conclusion of a tier III disciplinary hearing, and the determination was upheld on administrative appeal with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding challenging the determination and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

Petitioner's sole contention is that he was improperly denied

the right to call certain witnesses at the hearing. Based upon our review of the record, we find this argument to be without merit. The five inmate witnesses who petitioner requested were denied because they were not in the vicinity of the incident at the time it occurred. Inasmuch as they did not have personal knowledge of facts pertinent to the charges, their testimony was irrelevant (*see Matter of Thompson v Votraw*, 65 AD3d 1403, 1404 [2009]; *Matter of Gimenez v Artus*, 63 AD3d 1461, 1462 [2009]). Petitioner's claim that these individuals may have heard something is purely speculative (*see Matter of Hughes v Bezio*, 84 AD3d 1598, 1598 [2011]). Moreover, five correction officers who were present at the time of the incident testified at the hearing and a videotape of the incident was also shown. In view of this, the testimony of the Superintendent and the Assistant Commissioner would have been redundant (*see Matter of Knight v Bezio*, 82 AD3d 1381, 1382 [2011], *lv dismissed* 17 NY3d 788 [2011]; *Matter of Abreu v Bezio*, 78 AD3d 1341, 1342 [2010]). Lastly, we find no error in the denial of testimony from representatives of the Office of Mental Health and Office of the Inspector General inasmuch as petitioner failed to convincingly demonstrate the relevance of such testimony or that he was prejudiced by its absence (*see Matter of Hernandez v Selsky*, 296 AD2d 677 [2002]).

Mercure, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 2011 NY Slip Op 33217(U).]**