Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.
During a search of petitioner’s cell, a correction officer found a pamphlet and letters from a group that was believed to be an unauthorized organization. In addition, a leather hair band with the words “Black Lion” and documents referring to the Black Lions, an organization that was believed to be an unauthorized Jamaican gang, were also recovered. As a result, petitioner was charged in a misbehavior report with engaging in gang-related activities and unauthorized organizational activities. Following a rehearing of his original tier III disciplinary hearing, he was found guilty of engaging in gang-related activi *1513 ties. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.*
We confirm. We find no merit to petitioner’s contention that he was improperly denied witnesses. Petitioner never requested the testimony of the two correction officials that he claims were denied and, therefore, he has no reason to complain (see Matter of Lopez v Fischer, 69 AD3d 1076, 1077 [2010]; Matter of Dixon v Brown, 62 AD3d 1223, 1224 [2009], lv denied 13 NY3d 704 [2009]). Moreover, the testimony of the Catholic chaplain was redundant, and the testimony of the staff advisor was irrelevant to the charge of which petitioner was found guilty (see Matter of Knight v Bezio, 82 AD3d 1381, 1382 [2011], lv dismissed 17 NY3d 788 [2011]; Matter of Warren v Fischer, 63 AD3d 1466, 1467 [2009]). We reject petitioner’s assertion that he was improperly removed from the hearing, as this occurred after all evidence was presented and was necessitated by petitioner’s disruptive behavior (see Matter of Bunting v Fischer, 85 AD3d 1473, 1474 [2011], lv denied 17 NY3d 712 [2011]; Matter of Ifill v Fischer, 79 AD3d 1322, 1323 [2010]). Further, there is nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Spencer v Fischer, 89 AD3d 1354, 1355 [2011]; Matter of Cruz v Walsh, 87 AD3d 1234, 1235 [2011]). We have considered petitioner’s remaining contentions and, to the extent they have been preserved for our review, find them to be lacking in merit.
Mercure, J.P., Rose, Spain, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 While petitioner arguably raised the question of substantial evidence in his petition, he has not asserted it in his brief and it has, therefore, been abandoned (see Matter of Vega v New York State Dept. of Correctional Servs., 92 AD3d 991, 992 n [2012]).