■ In the Matter of the Claim of ULYSSES BOYD, Petitioner, v ALBERT J. PRACK, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [24 NYS3d 457]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, a correction officer found a cardboard box that had been fashioned into a cooler and an oil-soaked tissue that had been placed on the bulb of a lamp. While the officer was removing these items from the cell, petitioner suddenly lunged toward the officer but was subdued when another officer arrived to provide assistance. As a result, petitioner was charged with attempting to assault staff, interfering with an employee, possessing an altered item, possessing flammable materials, engaging in violent conduct and creating a disturbance. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, documentary evidence and the hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Wilson v Annucci, 129 AD3d 1422, 1422 [2015]; Matter of Douglas v Fischer, 126 AD3d 1244, 1245 [2015], lv denied 26 NY3d 904 [2015]). The contrary testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]; Matter of Espinal v Fischer, 114 AD3d 978, 979 [2014]). Moreover, petitioner was not improperly denied the right to question the sergeant who ordered the search or the correction officer who conducted it about events that occurred prior to the search inasmuch as such testimony was irrelevant to the charges against petitioner (see Matter of Williams v Goord, 27 AD3d 808, 809-810 [2006]; Matter of Flenon v Goord, 24 AD3d 912, 913 [2005], lv denied 6 NY3d 710 [2006]). Furthermore,

although petitioner claims that portions of the hearing were not electronically recorded, the hearing transcript does not substantiate this claim nor disclose the existence of gaps in the testimony that preclude meaningful review (*see Matter of Sanders v Annucci*, 128 AD3d 1156, 1157 [2015], *appeal dismissed* 26 NY3d 964 [2015]; *Matter of Bookman v Fischer*, 107 AD3d 1260, 1260 [2013]). We have considered petitioner's remaining contentions and find them to be unavailing.

Peters, P.J., Rose and Lynch, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.