*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                521587
_____

In the Matter of JAMES DAVIS,
                    Petitioner,

        v
                                            MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Clark, JJ.

                        _____


        James Davis, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen
Treasure of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
possessing a weapon, possessing a controlled substance,
possessing an intoxicant and possessing an unauthorized
medication.  Following a tier III disciplinary hearing, he was
found guilty as charged.  Upon administrative review, the guilty
determinations regarding the charges of possessing a controlled
substance and possessing an intoxicant were reversed, with no
change in the penalty.  Petitioner thereafter commenced this CPLR
article 78 proceeding.

Initially, inasmuch as petitioner did not address in his brief the issue as to whether the finding of guilt with respect to the charge of possessing a weapon was supported by substantial evidence, that issue is abandoned (see Matter of Carter v Annucci, 117 AD3d 1262, 1262 [2014]; Matter of Staine v Fischer, 111 AD3d 999, 999 [2013]).  With respect to the charge of possessing an unauthorized medication, respondent concedes, and we agree, that substantial evidence does not support that charge.  Accordingly, we annul that part of the determination.  Given that the penalty imposed included a loss of good time, the matter must be remitted for a redetermination of the penalty.

As to his procedural contentions, petitioner argues that he was denied the right to call certain witnesses he had listed on his employee assistance form.  Although petitioner identified two inmates as potential witnesses on the form, he did not request these witnesses at the hearing or raise an objection to the lack of their testimony.  Accordingly, this issue is not preserved (see Matter of Frazier v Artus, 40 AD3d 1288, 1288 [2007]; Matter of Colon v Goord, 11 AD3d 839, 840 [2004]).  Similarly, petitioner's claim that he was denied a copy of Department of Corrections and Community Supervision Directive No. 4004 is also unpreserved, as he did not request a copy or raise an objection during the hearing (see Matter of Kalwasinski v Fischer, 87 AD3d 1207, 1208 [2011]; Matter of Colon v Goord, 11 AD3d at 840).  Petitioner's remaining claims are either unpreserved or without merit.

Peters, P.J., McCarthy, Garry, Rose and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing an unauthorized medication and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court