■ In the Matter of CARMINE CARINI, Petitioner, v LOUIS MANN, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [654 NYS2d 484] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

After a prison disciplinary hearing, petitioner was found guilty of soliciting goods and unauthorized exchange. The finding was based, in part, on a misbehavior report charging petitioner with contracting out his laundry for cleaning at the "State shop" in Shawangunk Correctional Facility in Ulster County. The proper procedure required that his laundry be cleaned at another prison facility. The report stated that when questioned about his laundry, petitioner admitted that he was receiving "special treatment" at the State shop.

In seeking to annul the determination, petitioner contends that the finding of guilt is not supported by substantial evidence. In rejecting this argument, we are of the view that the misbehavior report, which alone would have been sufficient to support the finding of guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966), was corroborated by the testimony of the correction officer who authored it and who made the discovery. This was also the same officer to whom petitioner made the admission. This evidence provides ample support for the determination (*see, Matter of Early v Coughlin*, 207 AD2d 588). Petitioner's denials and the testimony of inmates supporting petitioner's version of events merely raised credibility issues which were for the Hearing Officer to resolve (*see, Matter of Rouse v Coughlin*, 219 AD2d 858, *lv denied* 87 NY2d 806).

Without deciding whether the question of bias is properly before us, we conclude that there is no evidence in the record to support the contention that the Hearing Officer was prejudiced or partial or that the outcome of the hearing flowed from the claimed bias (*see, Matter of Nieves v Coughlin*, 157 AD2d 943). We reject petitioner's arguments on this issue as lacking in merit.

Petitioner also argues that the misbehavior report failed to provide him with sufficient notice of the charges against him. Our examination of the report, to the contrary, reveals that it gave petitioner enough particulars to permit him to make an

effective response, which is all that was required of the report (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123). The fact that the report did not identify the inmates with whom petitioner contracted out his laundry did not render it defective since it otherwise contained enough specifics (*see, Matter of S. v Coughlin*, 172 AD2d 937, *lv denied* 78 NY2d 855). Nor was the failure to set forth the exact dates that petitioner contracted out his laundry fatal (*see, Matter of Martin v Coughlin*, 173 AD2d 1039). The correction officer who authored the report testified that the incident date in the report was the date he finished his investigation. As respondents note, the allegations in the report were of a continuing violation and it was reasonable for the correction officer to use the date he concluded his investigation as opposed to attempting to specify unknown dates when petitioner actually contracted for the laundry services or delivered the laundry. In any event, the misbehavior report specifically identified the particular laundry bag that was alleged to have been contracted out.

Petitioner's remaining arguments have been reviewed and rejected as unpersuasive.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.