■ In the Matter of HAROLD TODD, Appellant, v PETER J. LACY, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [681 NYS2d 799] —Appeal from a judgment of

the Supreme Court (Ceresia, Jr., J.), entered February 3, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating a prison disciplinary rule prohibiting destruction of State property. It is undisputed that on February 6, 1997, prior to a court appearance, petitioner was directed to turn in his bed linens and laundry bags which were later inspected and determined to be severely damaged. Petitioner refused a request to pay for the damaged linens by signing a disbursement form from his account and the damaged linens were returned to him when he returned from court on March 14, 1997. On May 5, 1997, a misbehavior report was served upon petitioner when, immediately before his transfer to a different facility, he again refused a request to sign a disbursement form to pay for the linens. Petitioner commenced this CPLR article 78 proceeding challenging the adequacy and timeliness of the misbehavior report. Supreme Court dismissed the petition and we affirm.

Contrary to petitioner's argument, the misbehavior report was not untimely filed pursuant to 7 NYCRR 251-3.1 (a) because it was not written in February 1997 when the damage was initially discovered. The record demonstrates that petitioner had the option prior to his transfer of paying for the damage; an option that expired upon his refusal to do so at the time he turned in the linens for the last time. Since the allegations in the misbehavior report were of a continuing violation, it was reasonable for it to be written as soon as the violation was conclusively established (*see generally, Matter of Carini v Mann*, 237 AD2d 761, 762). Thus, the misbehavior report was prepared "as soon as practicable" (7 NYCRR 251-3.1 [a]). Finally, the misbehavior report was sufficient to inform petitioner of the charges against him and enable him to prepare a defense (*see, e.g., Matter of Carini v Mann, supra*, at 761-762).

Mikoll, J. P., White, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.