■ In the Matter of MARTIN KAYSHAWN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [715 NYS2d 540] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of conspiring to introduce narcotics into the correctional facility. The charges stem from an ongoing investigation which revealed that petitioner sold heroin in the correctional facility on at least four occasions between April 2, 1998 and May 21, 1998 and that payment for such drugs was sent to petitioner's brother who lives outside the correctional facility.

The misbehavior report, together with the numerous letters written by petitioner to his brother, the disbursement forms from inmates sending money to petitioner's brother and the detailed confidential testimony, provide substantial evidence to support the determination of petitioner's guilt (*see*, *Matter of Sanabria v Senkowski*, 274 AD2d 799), notwithstanding petitioner's contention to the contrary. Testimony presented by petitioner that the disbursements from other inmates were for art work he sold and that the correspondence generally concerned a recording business he was involved in, presented a credibility issue for the Hearing Officer to resolve (*see*, *Matter of Lyde v Goord*, 266 AD2d 615, 616). Furthermore, a review of the record and the in camera material reveal that the Hearing Officer independently assessed the credibility of the confidential testimony (*see*, *Matter of Green v Coughlin*, 225 AD2d 812).

We also reject petitioner's assertion that the misbehavior report, written at the conclusion of a lengthy investigation, was inadequate to apprise petitioner of the alleged misconduct in order to enable him to adequately prepare a defense (*see, Matter of Carini v Mann*, 237 AD2d 761, 761-762). Given the nature of the investigation, we find no error in noting that the incident date in the report was the date that the investigation was concluded (*see, id.*, 762). Moreover, the misbehavior report describes a specific time span during which petitioner was alleged to have sold drugs. In any event, petitioner has shown no prejudice resulting from any alleged defect (*see, Matter of Sullivan v Goord*, 252 AD2d 614, 615).

Petitioner's remaining contentions, including his assertion that he was denied the right to present witnesses and that he received inadequate employee assistance, have been reviewed and found to be without merit.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.