■ In the Matter of NATHANIEL JACKSON, Appellant, v JOSEPH SMITH, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [785 NYS2d 603]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered February 25, 2004 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an investigation conducted by officials at the correctional facility where petitioner was incarcerated, it was discovered that petitioner's wife and a friend had received money from inmates at the facility over a two-year period and the money had been used for unauthorized transactions involving, among other things, the sale of cigarettes and drugs, which were orchestrated by petitioner. Petitioner was charged in a misbehavior report with soliciting, exchanging property without authorization, conspiring to introduce controlled substances into the facility and violating facility correspondence procedures. He was found guilty of all charges, except for the last, following a tier III disciplinary hearing. The determination was upheld on administrative appeal, but the penalty was modified. Petitioner then commenced this CPLR article 78 proceeding challenging the determination and his petition was dismissed, resulting in this appeal.

Initially, we find no merit to petitioner's claim that the misbehavior report was not sufficiently particular to give him adequate notice of the charges. Considering that the report was the culmination of an ongoing investigation, which commenced January 5, 2003 and continued for over three months, its failure to set forth the specific dates of each transaction and to identify each inmate involved did not render it defective (see Matter of Mays v Goord, 285 AD2d 847, 848 [2001], lv denied 97 NY2d 603 [2001]; Matter of Carini v Mann, 237 AD2d 761, 762 [1997]). Inasmuch as the report provided enough details of the investigation to "afford [petitioner] an opportunity to prepare a defense" (Matter of Smith v Portuondo, 309 AD2d 1028, 1028 [2003]; see Matter of LaBounty v Goord, 245 AD2d 675, 676 [1997], appeal dismissed 91 NY2d 1002 [1998]), we find that it

provided adequate notice. We are also unpersuaded by petitioner's contention that he was improperly denied the right to call certain witnesses since those who did not testify either refused or would have provided redundant testimony (*see Matter of Sowell v Goord*, 295 AD2d 835, 836 [2002]). Finally, our review of the record belies petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Nimmons v Goord*, 7 AD3d 887, 889 [2004]). We have considered petitioner's remaining contentions, to the extent they are properly before us, and find them to be unavailing.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.