◼ In the Matter of AL BLAKE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [825 NYS2d 326]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting extortion, solicitation and conspiracy to introduce narcotics into the correctional facility. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding by petitioner ensued.

Initially, the misbehavior report, the testimony of the correction officer who authored it and petitioner's letters to his friend, in which he requested that she bring him narcotics on her next visit and asked her to gather information about a woman so that they could blackmail her for money, provide substantial evidence to support the determination of guilt (*see Matter of Long v Goord*, 32 AD3d 1121, 1122 [2006]; *Matter of Lopez v Goord*, 306 AD2d 715 [2003]). Petitioner's contention that he was denied his right to call his friend as a witness is without merit as petitioner did not request any witnesses at the hearing, nor was the Hearing Officer required to call witnesses to present petitioner's case (*see Matter of Colon v Goord*, 11 AD3d 839, 840 [2004]; *Matter of Hodge v Goord*, 280 AD2d 767 [2001]). Finally, given that petitioner's misconduct was a continuing violation, it was not improper for the correction officer to use the date that his investigation was completed as the incident date on the misbehavior report (*see Matter of Jackson v Smith*, 13 AD3d 685, 685 [2004]; *Matter of Kayshawn v Selsky*, 277 AD2d 611, 612 [2000]; *Matter of Carini v Mann*, 237 AD2d 761, 762 [1997]).

To the extent preserved, petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and determined to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.