*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   April 14, 2016                    521516
_____

In the Matter of ERIC MOORE,
                    Petitioner,

          v                                 MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:   February 23, 2016

Before:   Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Eric Moore, Fallsburg, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        An investigation into a drug-trafficking operation revealed
that petitioner, a prison inmate, had conspired to bring
marihuana, synthetic marihuana and suboxone into the correctional
facility and had used threats of violence to incentivize other
inmates to distribute, and collect payment for, those drugs.  As
a consequence, petitioner was charged in a misbehavior report
with making threats, soliciting, violent conduct, possessing
intoxicants and drug possession.  Following a tier III

disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, the finding of guilt was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding.

Preliminarily, "the minor omissions contained in the hearing transcript have not rendered it so incomplete as to preclude meaningful review" (Matter of Robertson v Fischer, 70 AD3d 1081, 1082 [2010]; see Matter of Johnson v Rock, 64 AD3d 1096, 1096 [2009], lv denied 13 NY3d 713 [2009]). Turning to the merits, the misbehavior report and hearing testimony, as well as the confidential testimony considered, provide substantial evidence to support the determination of guilt (see Matter of Welch v Fischer, 121 AD3d 1139, 1140 [2014]; Matter of Carrero v Fischer, 106 AD3d 1299, 1299 [2013]; Matter of Alvarado v Commissioner of Special Hous. Unit, 93 AD3d 966, 967 [2012]). Petitioner's conflicting testimony presented credibility issues for the Hearing Officer to resolve (see Matter of Reese v Fischer, 120 AD3d 1496, 1497 [2014]; Matter of Miller v New York State Dept. of Correctional Servs., 295 AD2d 714, 714-715 [2002]).

The fact that petitioner was never found to be in possession of marihuana, synthetic marihuana or suboxone does not negate his guilt, as a violation of the rules occurred when petitioner conspired to bring these items into the facility (see Matter of Welch v Fischer, 121 AD3d at 1140). Finally, given that petitioner's misconduct was a continuing violation, it was not improper for the correction officer to use the date that his investigation was completed as the incident date on the misbehavior report (see Matter of Blake v Goord, 35 AD3d 1016, 1017 [2006]; Matter of Kornegay v Goord, 21 AD3d 1236, 1236-1237 [2005]). Petitioner's remaining contentions, to the extent that they are preserved for our review, have been examined and found to be without merit.

Lahtinen, J.P., Egan Jr., Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court