Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was charged, by three misbehavior reports, with assaulting a staff member, making threats, engaging in violent conduct, creating a disturbance, possessing a weapon, refusing a direct order and altering property without permission. The charges were based on allegations that included that petitioner attempted to stab a correction officer with an improvised weapon, that he thereafter refused orders when correction officers attempted to subdue him and that a second improvised weapon was found when officers thereafter searched his cell. After a tier III disciplinary hearing, petitioner was found guilty of the charges. After an administrative appeal, this CPLR article 78 proceeding ensued.
 

 We confirm. Initially, and contrary to petitioner’s specific challenges, we find that the misbehavior reports, hearing testimony and unusual incident report and related documentation provide substantial evidence supporting the determination of guilt as to possessing a weapon, altering property without permission and refusing a direct order (see Matter of Young v Prack, 142 AD3d 1226, 1227 [2016]; Matter of Burr v Fischer, 100 AD3d 1313, 1313 [2012], lv denied 20 NY3d 857 [2013]).
 
 *
 
 The testimony of petitioner and other inmates suggesting that, rather than perpetrating an assault and possessing weapons, petitioner was set up and was the victim of an unprovoked assault by numerous correction officers, presented a credibility determination for the Hearing Officer to resolve (see Matter of Pagan v Venettozzi, 151 AD3d 1508, 1508 [2017], lv denied 30 NY3d 903 [2017]; Matter of Gaston v Annucci, 148 AD3d 1447, 1447 [2017]).
 

 Turning to petitioner’s numerous procedural complaints, he failed to establish that two inmate witnesses he was denied could have offered testimony that was not redundant to those inmate witnesses who had already testified (see Matter of Thorpe v Fischer, 67 AD3d 1101, 1102 [2009]). Otherwise, petitioner failed to preserve his contention that he was inappropriately denied other witnesses, given that he did not state that he wanted one inmate to testify who had indicated that he would refuse to testify if asked. Further, when the Hearing Officer asked him if he wished to call any additional witnesses, petitioner did not identify witnesses that he wished to call (see Matter of Williams v Annucci, 134 AD3d 1378, 1379 [2015], lv denied 27 NY3d 904 [2016]). Moreover, petitioner was not deprived of the right to present documentary evidence when his request for documents that did not exist was denied (see Matter of Cornwall v Fischer, 74 AD3d 1507, 1509 [2010]). In addition, petitioner has failed to establish that he was prejudiced by any of the alleged inadequacies of his employee assistant (see Matter of Martino v Goord, 38 AD3d 958, 959 [2007]). Finally, although the hearing transcript has some gaps, they do not preclude meaningful review (see Matter of Moore v Venettozzi, 138 AD3d 1288, 1288 [2016]). To the extent that they are preserved, petitioner’s remaining contentions are also without merit.
 

 Peters, P.J., Garry, Lynch, Mulvey and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.
 

 *
 

 Petitioner does not argue that the remaining determinations of guilt are unsupported by substantial evidence.