Matter of Jordan v Annucci (2018 NY Slip Op 01690)





Matter of Jordan v Annucci


2018 NY Slip Op 01690


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

525178

[*1]In the Matter of TONY JORDAN, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 23, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ.


Tony Jordan, Sonyea, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After a correction officer observed petitioner pass something to another inmate as they shook hands in the television room, the officer ordered the other inmate to produce the object, and the officer retrieved a folded piece of paper containing a green, leafy substance. The substance later tested positive for amphetamines. Petitioner was charged in a misbehavior report with smuggling and possession of drugs and, following a tier III disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed. The determination was upheld on
administrative appeal, and petitioner commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, the authoring correction officer's testimony, the positive NIK test results and the related documentary evidence provide substantial evidence to support the determination (see Matter of Shearer v Annucci, 155 AD3d 1277, 1277 [2017]; Matter of Collins v Annucci, 146 AD3d 1261, 1261 [2017]). The officer testified that the paper containing the drugs was found in the inmate's right hand, the same hand he had used to shake hands with petitioner, and that he had watched the inmate's right hand after that handshake until the paper containing the drugs was produced. The testimony offered by petitioner and the other inmate, that petitioner had passed a piece of candy and their differing account of the incident, created a credibility issue for the Hearing Officer to resolve (see Matter of Moore v Venettozzi, 138 AD3d 1288, 1288 [2016]). Further, we find no error in the Hearing Officer's denial of petitioner's request to recall the inmate as a witness after the officer testified. The record reflects that petitioner had a full opportunity to elicit the inmate's account of the incident, and the further testimony from that inmate that petitioner sought to elicit would have been redundant (see Matter [*2]of Valerio v New York State Dept. of Correctional Servs., 67 AD3d 1228, 1228 [2009]; Matter of Brown v Selsky, 37 AD3d 891, 891 [2007]).
McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.