Matter of Matthews v Annucci (2019 NY Slip Op 06678)





Matter of Matthews v Annucci


2019 NY Slip Op 06678


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

528926

[*1]In the Matter of Anthony Matthews, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 30, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Anthony Matthews, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of responding finding petitioner guilty of violating a prison disciplinary rule.
During the course of an authorized strip frisk, an unknown object was observed in petitioner's rectal area, and electronic metal detectors subsequently indicated the presence of metal inside of petitioner's body. Petitioner was placed on contraband watch and, when he was escorted out of the observation cell to undergo an abdominal X ray, a frisk of that cell led to the discovery of a one-inch by half-inch ceramic scalpel blade, with a handle wrapped in tape, placed under the cell door to the left of the hinges. As a result of this incident, petitioner was charged in a misbehavior report with possessing a weapon. Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and related documentary evidence provide substantial evidence to support finding petitioner guilty of possessing a weapon (see Matter of Tavarez v Annucci, 134 AD3d 1374, 1374 [2015]; Matter of Hammond v Selsky, 28 AD3d 1000, 1000 [2006]; Matter of Tarbell v Goord, 263 AD2d 563, 563 [1999]). Petitioner's claim that he did not possess the weapon, but that it was planted, presented a credibility issue for the Hearing Officer to resolve (see Matter of Canalas Sanchez v Annucci, 126 AD3d 1194, 1194-1195 [2015]; Matter of Quezada v Fischer, 85 AD3d 1462, 1462 [2011]; Matter of Perez v Fischer, 69 AD3d 1279, 1279-1280 [2010]). Moreover, testimony at the hearing reflects that the observation cell was searched prior to petitioner's admission into that cell, and, in any event, "'it was his own responsibility to make sure that no unauthorized items were present in his cell'" (Matter of Ballard v Annucci, 170 AD3d 1298, 1300 [2019], quoting Matter of Johnson v Barkley, 260 AD2d 882, 882-883 [1999]).
Turning to petitioner's procedural contentions, petitioner argues that he was deprived of his right to call three relevant witnesses. This contention, however, is unpreserved as he failed to make a request for one of the witnesses, withdrew his request for another one of the witnesses and did not pursue his request to have the deputy superintendent for security testify when asked by the Hearing Officer if he had any more witness requests (see Matter of Rodriguez v Lee, 162 AD3d 1453, 1454 [2018]; Matter of Wilson v Annucci, 148 AD3d 1281, 1282 [2017]; Matter of Hayes v Fischer, 73 AD3d 1360, 1361 [2010]). Nor did petitioner lodge an objection when the deputy superintendent for security was not called as a witness (see Matter of Rodriguez v Lee, 162 AD3d at 1454; Matter of Hayes v Fischer, 73 AD3d at 1361; Matter of Brown v Selsky, 49 AD3d 1108, 1108 [2008]). As to the remaining procedural challenges, petitioner was not improperly denied documentary evidence in the form of certain videotapes that he requested, given that the requested videotapes either did not exist (see Matter of Reyes v Keyser, 150 AD3d 1502, 1505 [2017]; Matter of Benitez v Annucci, 139 AD3d 1215, 1216 [2016]) or did not depict the incident in question and were, therefore, irrelevant (see Matter of Jones v Annucci, 166 AD3d 1174, 1175-1176 [2018]; Matter of Ocasio v Bullis, 162 AD3d 1424, 1425 [2018]). In addition, petitioner has failed to establish that he was prejudiced by any of the alleged inadequacies of his employee assistant (see Matter of Davis v Annucci, 155 AD3d 1191, 1192 [2017]). Finally, the record reflects that the hearing was held in a fair and impartial manner, and there is nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of White v Annucci, 170 AD3d 1372, 1373 [2019]). To the extent that petitioner's remaining contentions are properly before us, they have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.