Matter of Drake v Annucci (2019 NY Slip Op 08756)





Matter of Drake v Annucci


2019 NY Slip Op 08756


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

528892

[*1]In the Matter of Wallace Drake, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: November 8, 2019

Before: Garry, P.J., Clark, Mulvey and Aarons, JJ.


Wallace Drake, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
An outgoing envelope was flagged by the correctional facility mailroom based upon the misspelled name and incorrect identification number of the inmate who allegedly sent the correspondence. Upon consent from the Superintendent of the correctional facility, the envelope was opened, revealing two small envelopes addressed to inmates in separate correctional facilities with letters inside, one of which allegedly discussed gang activities. Following an inquiry into the matter, petitioner was charged with impersonation, violating facility correspondence procedures and possessing gang-related material. Following a tier III disciplinary hearing, petitioner was found guilty as charged. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. Initially, petitioner lacks standing to challenge the legitimacy of the procedures followed in opening the outgoing envelope given that his name did not appear as the return addressee (see Matter of Sudler v Annucci, 166 AD3d 1351, 1352 [2018]; Matter of Odom v Fischer, 65 AD3d 1425, 1426 [2009]). Next, we are unpersuaded by petitioner's contention that the Hearing Officer violated petitioner's due process rights to a fair and impartial hearing by denying him documentary evidence, inasmuch as the record reflects that the requested documents did not exist (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1329 [2019]; Matter of Davis v Annucci, 155 AD3d 1191, 1192 [2017]). Finally, to the extent raised by petitioner, we find that the misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Hyson v Annucci, 171 AD3d 1339, 1340 [2019]; Matter of Davis v Prack, 100 AD3d 1177, 1177-1178 [2012], lv dismissed 22 NY3d 910 [2013]).
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.