Matter of Shelton v Annucci (2022 NY Slip Op 04254)

Matter of Shelton v Annucci

2022 NY Slip Op 04254

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

483 TP 21-01831

[*1]IN THE MATTER OF DARRYL SHELTON, PETITIONER,
v
ANTHONY ANNUCCI, RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered December 27, 2021) to review a determination of respondent. The determination found, after a tier III hearing, that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul that part of a determination, following a tier III disciplinary hearing, that he violated inmate rules 113.33 (7 NYCRR 270.2 [B] [14] [xxiii] [drug possession]), 113.34 (7 NYCRR 270.2 [B] [14] [xxiv] [conspiracy to introduce narcotics or marihuana into the facility]), 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]), and 180.11 (7 NYCRR 270.2 [B] [26] [ii] [facility correspondence violation]).
We conclude that, contrary to petitioner's contention, the misbehavior report, the testimony at the hearing, the evidence concerning tape recorded conversations, and the confidential testimony and information considered by the Hearing Officer together constitute substantial evidence that petitioner violated the subject inmate rules (see Matter of Moore v Venettozzi, 138 AD3d 1288, 1288 [3d Dept 2016]; see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; People ex rel. Vega v Smith, 66 NY2d 130, 140 [1985]). Petitioner's denial of guilt raised, at most, an issue of credibility for resolution by the Hearing Officer (see Foster, 76 NY2d at 966).
We also reject petitioner's further contention that the misbehavior report was not "sufficiently specific to enable petitioner to present a defense" (Matter of Jones v Fischer, 111 AD3d 1362, 1363 [4th Dept 2013]; see Matter of Adams v New York State Dept. of Corr. & Community Supervision, 151 AD3d 1770, 1772 [4th Dept 2017], appeal dismissed 30 NY3d 1007 [2017]). Given that petitioner's misconduct was a continuing violation, "it was not improper for the correction officer to use the date that his investigation was completed as the incident date on the misbehavior report" (Moore, 138 AD3d at 1289; see also Matter of Jackson v Smith, 13 AD3d 685, 685 [3d Dept 2004], lv denied 4 NY3d 707 [2005]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court